**Bryan Edwin RANSOM, Plaintiff— Appellant,**

v.

**F.R. DYMOND; et al., Defendants— Appellees.**

No. 05–55074.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Bryan Edwin Ransom, Corcoran, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Bryan Edwin Ransom appeals pro se the district court's summary judgment in favor of retired correctional officer Dymond in his 42 U.S.C. § 1983 action alleging a violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam), and we affirm.

The district court properly granted summary judgment to Dymond on Ransom's claim that Dymond acted with deliberate indifference to a serious risk to Ransom's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Ransom failed to raise a genuine issue of material fact as to whether the inmates in the next cell were members of the Mexican Mafia or whether Dymond knew the inmates posed a danger to Ransom. *Id.* Furthermore, Ransom did not allege that he suffered any harm. *See e.g. Morgan v. MacDonald*, 41 F.3d 1291, 1293–94 (9th Cir.1994) (rejecting Eighth Amendment claim where inmate labeled a snitch had not been retaliated against).

The district court properly dismissed Ransom's claims that his transfer from the general population to the special needs yard was retaliatory because Ransom conceded that he had a safety concern in the general population and therefore defen-

dants' actions indisputably advanced a legitimate penological goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

The district court also properly determined that Ransom failed to state a due process claim because he did not allege that being transferred from one facility to another constituted an atypical and significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Ransom's remaining contentions are unpersuasive.

Ransom's request for judicial notice is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

